**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No: 6:14-cv-1965-Orl-40DAB

CHAD FOREMAN,

    Defendant.

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss (Doc. 6), filed February 5, 2015. On February 19, 2015, Plaintiff responded (Doc. 7). Upon consideration, Defendant's motion to dismiss is denied.

## I.  BACKGROUND[1]

The Government brings the instant lawsuit to recover on several promissory notes for federally-insured student loans executed by Defendant. In its two-count Complaint, the Government alleges that Defendant has failed to pay the loans and that, as a result, the loans are now in default. In total, the Government claims that Defendant owes more than $73,000 in principal and interest on the loans.[2] Defendant now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] This account of the facts is taken from the Government's Complaint (Doc. 1), the allegations of which the Court must accept as true in considering Defendant's Motion to Dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

[2] Broken down, the Government alleges that Defendant owes $30,379.92 in principal and $42,709.54 in interest across the promissory notes, which continue to accrue interest at 9% per annum.

1

**II.   STANDARD OF REVIEW**

In order to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face when the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555.  District courts must accept all well-pleaded factual allegations within the complaint as true.  *Id.*  Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam).

**III.   DISCUSSION**

Defendant challenges the Complaint on the basis that it fails to state a claim for the recovery of the promissory notes alleged.  (Doc. 5, ¶ 6).  In order to recover on a promissory note for a federally-insured student loan, the Government must establish three elements: (1) Defendant signed the promissory note, (2) the Government is the present owner and holder of the promissory note, and (3) the promissory note is in default.  *United States v. Romero*, 562 F. App'x 943, 948 (11th Cir. 2014) (per curiam).

The Complaint easily satisfies these elements.  The Government alleges that "Defendant executed the promissory notes" and that it "is the present holder of the defaulted loan debts."  (Doc. 1, ¶ 2).  In support, the Government has attached to the Complaint promissory notes bearing Defendant's signatures and certificates of indebtedness for the promissory notes reflecting that the Government currently owns and

holds the notes. (*Id.* Exs. A, B). Finally, the Government shows that the notes are in default because of Defendant's failure to pay. (*Id.* ¶¶ 1, 6, 8; *see also id.* Exs. A, B). The Complaint therefore states claims for the recovery of the underlying promissory notes.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss (Doc. 5) is **DENIED**.

2. Defendant shall answer the Complaint within **fourteen (14) days** of this Order.

**DONE AND ORDERED** in Orlando, Florida on July 15, 2015.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record