# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:14-cv-1965-Orl-40DAB**

**CHAD FOREMAN,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR SUMMARY JUDGMENT (Doc. No. 11)** |
| **FILED:** | **January 8, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On November 26, 2014, the United States, on behalf of the Department of Education (the "Department"), filed a Complaint against Defendant Chad Foreman seeking to recover defaulted student loans made to him for attendance at St. Thomas Law School in Miami in the mid-1980's. Docs. 1, 11-1, 11-2.   The loans were guaranteed by the Florida Department of Education Office of Student Financial Assistance and then reinsured under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 *et seq*. (34 C.F.R. Part 682). Doc. 1.

On January 8, 2016, the Department filed a Motion for Summary Judgment.  Doc. 11. Although Defendant Foreman answered the Complaint, and he is represented by counsel, he has not

responded to the Motion for Summary Judgment.   For the reasons set forth below, it is respectfully

**RECOMMENDED** that the Motion for Summary Judgment be **GRANTED**.

### I.   Procedural History

On November 26, 2014, the Department filed a Complaint against Defendant seeking to reduce his defaulted student loans to judgment and obtain money damages for the amounts owed on these federally guaranteed student loans. Doc. 1.   On July 26, 2015, the Defendant answered the Complaint, denying all allegations except those related to jurisdiction and admitting that a demand for payment had been made upon him; he also asserted affirmative defenses that the Department's claims are barred by the statute of limitations and laches.   Doc. 9.

On January 8, 2016, the Department filed its Motion for Summary Judgment on the student loan agreements, providing copies of the Applications and Promissory Notes signed by Defendant and two Certificates of Indebtedness from a Department loan analyst.   Docs. 11, 11-1, 11-2 (with exhibits).   On January 21, 2016, Defendant filed a Motion to Extend Time to Respond to the Department's Summary Judgment Motion (Doc. 12) which was granted the same day (Doc. 13); thus, Defendant's response was due on February 8, 2016.   Despite the passage of more than an additional month since the response deadline, Defendant has failed to file any response as of the date of this Report and Recommendation.

### I. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).   In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party.   *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). However, when faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations."

*Gargiulo v. G.M. Sales, Inc.,* 131 F.3d 995, 999 (11th Cir. 1997).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Southwest Airlines Co*., 243 F.Supp.2d 1257, 1262 (D. Kan. 2003) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.   "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'"   *Sawyer*, 243 F.Supp.2d at 1263 (quoting *Anderson*, 477 U.S. at 251–52).

## II. Discussion

The Department argues that it is entitled to summary judgment on the promissory notes at issue because the material facts in this case are not in dispute; Defendant executed the promissory notes that are the subject of this action; the Department of Education is the holder of the promissory notes; and the amounts due on the notes have not been paid.  Doc. 11 at 4.  Specifically, the Department has produced evidence that Defendant executed several promissory notes and obtained student loans; he subsequently defaulted on his payment obligations; and to dispute the amounts owed, he must prove the nonexistence or extinguishment of the debts, which he has failed to do. *Id.* at 5.

### A.  *Elements of a prima facie case of student loan default*

The requirements necessary to establish a prima facie case of student loan default for summary judgment purposes has been addressed by the Eleventh Circuit. The Department may establish a *prima facie* case of student loan default by proving three elements: (1) the defendant signed a promissory note for a student loan; (2) the government is the present owner or holder of the promissory note signed by the defendant; and (3) the promissory note is in default. *United States v. Carter*, 506 Fed. App'x 853, 858 (11th Cir. 2013) (per curiam) (citing *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)); *United States v. Gordon*, Case No. 8:10-cv-580-T-23EAJ, 2010 WL 4570147, *4 (M.D. Fla. Oct. 15, 2010); *see also United States v. Romero*, 562 F.App'x 943, 948 (11th Cir. 2014) (per curiam).

Defendant, Chad Foreman, obtained four student loans from Dade Savings and Loan Association under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965 for the cost of his education.   Doc. 11-1.   The loans at issue in the case were reinsured by the Department of Education under loan guaranty programs authorized under the same Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 et seq. (34 C.F.R. Part 682). Doc. 11-1, 11-2.  Once the Department establishes a *prima facie* case, the burden shifts to the Defendant to prove the nonexistence or extinguishment of the debts.  *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975) (stating the same elements in a suit to collect on a defaulted small business loan).

### 1)  The Dade Savings and Loan Promissory Notes

Four times between 1982 and 1984, Defendant signed promissory notes obligating him to repay Dade Savings and Loan Association for four $2,500 loans.   Doc. 11-1 at 1.  The Department has attached as an exhibit to the Motion for Summary Judgment a copy of the Dade Savings and Loan Association Promissory Notes executed by Defendant, as well as a Certificate of Indebtedness Number 1 ("COI No. 1"), signed under penalty of perjury by Delfin M. Reyes, Loan Analyst with

the United States Department of Education, indicating that Defendant defaulted on the loans at

issue.  Doc. 11-1 at 1.

On the terms of the first promissory note signed on April 1, 1982, Defendant

agreed to the following:

> I, Chad R Foreman[1], hereinafter called the "maker," promise to pay to Dade Savings and
> Loan Association, hereinafter called the "lender," located at 101 East Flagler Street, Miami
> FL, the sum of $2,500.00 to the extent it is advanced to me, plus simple interest at the rate
> of 9 percent per annum on the outstanding balance of such sum and authorized later charges,
> all reasonable attorney's fees, and other costs and charges necessary for the collection of
> any amount not paid when due. The lender will not collect or attempt to collect from the borrower
> any portion of the interest which is payable by the U.S. Government or by an escrow agent.

Doc. 11-1 at 2-3.   The loan was disbursed the same day the note was signed, on April 1, 1982.   *Id.*

at 1 (Certificate of Indebtedness No. 1 of 2).

On March 26, 1983, Defendant signed a second promissory note to secure a student loan, as

part of the Florida Guaranteed Student Loan Program, also promising to repay Dade Savings and

Loan Association:

> I, Chad Foreman, the borrower, promise to pay to Dade Savings and Loan Association, the
> lender, or to a subsequent holder of this Promissory Note, all of the principal sum of
> $2,500.00 to the extent it is advanced to me, plus an amount equivalent to simple interest on
> this sum at the rate of 9 percent per year.   If I fail to pay any of these amounts when they
> are due, I will also pay all charges and other costs – including attorney's fees – that are
> permitted by State and Federal law and regulations and are necessary for the collection of
> these amounts.   If this loan is referred for collection to an agency that is subject to the Fair
> Debt Collection Practices Act, I will pay those collection costs which do not exceed 25
> percent of the unpaid principal and accrued interest.

Doc. 11-1 at 4-5.   This loan was disbursed on April 1, 1983.   Doc. 11-1 at 1.

On April 19, 1984 and October 15, 1984, Defendant signed the third and fourth promissory

notes to Dade Savings and Loan Association containing identical language to the second loan for

two additional loans of $2,500; these loan were disbursed on May 13, 1984 and October 26, 1984,

---

[1]  Defendant's social security number has been redacted from all of the loan documents filed in the docket in
accordance with the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of the Middle
District at 8.   The Court omits the redacted text.

respectively.   Doc. 11-1 at 1, 6-9.   The Court will refer to the four promissory notes made in conjunction with loans as described above (and summarized in the table below) collectively as the "Dade Savings Promissory Notes."

| Date Note Executed | Loan Amount | Date Disbursed | Interest rate |
|---|---|---|---|
| 4/1/82 | $2,500 | 4/1/82 | 9% |
| 3/26/83 | $2,500 | 4/1/83 | 9% |
| 4/19/83 | $2,500 | 5/13/84 | 9% |
| 10/15/84 | $2,500 | 10/26/84 | 9% |

Doc. 11-1 at 1.   Defendant subsequently defaulted on his payment obligations under the Dade Savings Promissory Notes on April 1, 1997, and the holder filed a claim on the loan guarantee.   *Id.*

### 2)   CenTrust Savings Bank Promissory Note

On July 29, 1985, Defendant signed a promissory note obligating him to repay CenTrust Savings Bank for a $5,000 loan, to be disbursed in two installments of $2,500 each (the "CenTrust Savings Bank Promissory Note").   Doc. 11-1 at 1.   The Department has attached as an exhibit to the Motion for Summary Judgment a copy of the CenTrust Savings Bank Promissory Note executed by Defendant, as well as a Certificate of Indebtedness Number 2 ("COI No. 2"), also signed under penalty of perjury by Delfin M. Reyes, Loan Analyst with the United States Department of Education, indicating that Defendant defaulted on the loans at issue.   Doc. 11-2 at 1.

According to the terms of the CenTrust Savings Bank Promissory Note signed on July 27, 1985, Defendant agreed to the following:

> I, the undersigned student borrower identified in Section I, Item 2 [Chad Robert Foreman] promise to pay you or your order when this note becomes due as set for the in Paragraph II, the sum of Five Thousand Dollars ($5,000.00) or such loan amount as is advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest at set forth in Paragraph III [9%], and any other charges which may become due as provided in Paragraph VI if I fail to pay any of those amounts when they are due, I will pay all charges and other costs, including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan. (See Paragraphs II, III, VI on the other side). My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

Doc. 11-2 at 2-3.   Apparently only $2,500 (the first half from fall semester) of the $5,000 loan was disbursed on September 11, 1985.   Doc. 11-2 at 1 (COI No. 2 of 2).   Defendant subsequently defaulted on his payment obligations under the CenTrust Savings Bank Promissory Note on April 1, 1997, and the holder filed a claim on the loan guarantee.   *Id.*

### B.  The Department established a *prima facie* case

The Department may establish the *prima facie* elements by producing the promissory note and certificate of indebtedness signed under penalty of perjury.   *See United States v. Davis*, 28 Fed. Appx. 502, 503 (6th Cir. 2002) (holding that the Department had established a *prima facie* case where certificate of indebtedness from the United States Department of Education in which a loan analyst certified under penalty of perjury that the defendant had defaulted on the loan and was indebted to the United States by virtue of a guaranteed loan made by a private lender and assigned to the United States, and stated the amounts owing based on Department records) (citing *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975)); *Guillermety v. Secretary of Education of the United States*, 341 F.Supp.2d 682, 688 (E.D.Mich. 2003); *United States v. Stanfield*, 2001 WL 484069 (E.D.Penn. Apr. 2, 2001).   The Department may also use sworn affidavits submitted by a Department of Education loan analyst in support of its *prima facie* case.   *See, e.g., Guillermety,* 341 F.Supp.2d at 688; *Stanfield,* 2001 WL 484069 at *7.   Alternatively, courts have found that a certificate of indebtedness from the Department's loan analyst falls within the public records exception to hearsay, Federal Rule of Evidence 803(8).   *See, e.g., United States v. Wright*, 850 F.Supp. 965, 967 (holding that a certificate of indebtedness falls within the public record exception to hearsay).   Applied here, the Department has established its *prima facie* case by showing Defendant signed the Dade Savings Promissory Notes (Doc. 11-1 at 2-9), and, as stated in COI No. 1, the Department now owns the Dade Savings Promissory Notes signed by Defendant by virtue of its reinsurance agreement; and it has not been repaid.   *See* Doc. 11-1 at 1.

As stated by Ms. Reyes in COI No. 1 and COI No. 2, the four Dade Savings Promissory Notes and the CenTrust Savings Bank Promissory Note were guaranteed by the State of Florida[2] and reinsured by the federal Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682).   The holder demanded payment according to the terms of the Promissory Notes, and credited $0.00 to the outstanding principal owed on the loans.   Doc. 11-1 at 1; Doc. 11-2 at 1.

Due to Defendant's default on the Promissory Notes, the guaranty agency paid the claim of $26,627.47 for the Dade Savings Promissory Notes and $3,752.45 for the CenTrust Savings Bank Promissory Note.   Doc. 11-1 at 1; Doc. 11-2 at 1.   The guarantor was then reimbursed for those claim payments by the Department under its reinsurance agreement.   Doc. 11-1 at 1; Doc. 11-2 at 1.   Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a defaulted claim, the entire amount paid becomes due to the guarantor as principal.   The guarantor attempted to collect the debts from the borrower–Defendant Foreman –however, because the guarantor was unable to collect the full amounts due, it assigned the right and title to the loans to the Department.   Doc. 11-1 at 1; Doc. 11-2 at 1.

The Department has established its *prima facie* case by showing Defendant signed all of the Promissory Notes at issue.   Doc. 11-1 at 1; Doc. 11-2 at 1.   The Department now owns the Promissory Notes signed by Defendant by virtue of its reinsurance agreements with the respective entities, and the Promissory Notes have not been repaid.   *See* Doc. 11-1 at 1; Doc. 11-2 at 1.

### C.   Defendant's defenses

Once the Department establishes a prima facie case of student loan default, the burden then shifts to the defendant to produce evidence which proves the nonexistence, payment, extinguishment or variance in payment of the obligation.   *See, e.g., United States v. Petroff–Kline*, 557 F.3d 285,

---

[2]   Specifically, the Florida Department of Education Office of Student Financial Assistance.   Doc. 11-1 at 1.

290 (6th Cir. 2009); *Guillermety,* 341 F.Supp.2d at 688.  It is not sufficient for a defendant to merely allege non-liability; rather, the defendant must produce specific and concrete evidence of the nonexistence, payment, or discharge of the debt.  *United States v. Durbin*, 64 F.Supp.2d 635, 636 (S.D.Tx. 1999); *Stanfield,* 2001 WL 484069 at 4-9.  Cancelled checks, bank statements, and tax records, are the types of documents found to be acceptable as evidence of payment.  *Durbin,* 64 F.Supp.2d at 636; *Stanfield,* 2001 WL 484069 at 8-9; *cf. United States v. Nevels*, 2000 WL 1137733, *2 (E.D.Mich. July 7, 2000) (unsworn handwritten letters or notes are not sufficient in opposing summary judgment on student loan default).

Applied here, the burden shifts to Defendant, who has provided no evidence, but has merely asserted two affirmative defenses in his Answer to the Complaint.  When, as in this case, a defendant does not state a valid defense to his liability for the loan, summary judgment is properly granted to the plaintiff.  *First State Bank & Trust Company of Valdosta, Georgia v. McIver*, 893 F.2d 301, 306 (11th Cir. 1990) (affirming summary judgment to bank where debtor presented no valid defense to his liability on a promissory note).

Defendant asserted the affirmative defenses of statute of limitations and laches.  *See* Doc. 9.  However, laches and the statute of limitations defenses are not recognized as valid defenses in student loan default cases.  *Durbin,* 64 F.Supp.2d at 637; *United States v. Robbins*, 819 F.Supp. 672 (E.D.Mich.1993).  The 1991 amendments to the Higher Education Act ("HEA"), 20 U.S.C. § 1091a[3], eliminated the statute of limitations for the collection of student loans.  *See, e.g.,United States v. Newcombe*, Case No. 8:08-CV-2225-T-27EAJ, 2009 WL 1759587 (M.D.Fla. 2009) (citing *United States v. Glockson*, 998 F.2d 896, 897 (11th Cir. 1993)); *see also United States v. Davis*, 817 F. Supp. 926, 929 (M.D.Ala. 1993) (the doctrine of laches was not a defense against the

---

[3] "[I]t is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which the debts may be enforced." 20 U.S.C. § 1091a(a) ¶ 1.

government's entitlement to collect the entire amount of a defaulted student loan, including all accrued interest and costs), *aff'd*, 17 F.3d 1439 (11th Cir. 1993); *United States v. Brown*, 7 Fed. Appx. 353, 354 (6th Cir. 2001) (holding retroactive application of 20 U.S.C. § 1091a does not constitute an ex-post facto law); *United States v. Litts*, 2000 WL 435484, at *3 (D.Conn. Feb. 23, 2000) ("The overwhelming majority of courts have rejected the claim [of laches] as a defense to federally financed student loans.").

The Department has established a *prima facie* case that Defendant defaulted on the Dade Savings Promissory Notes and the CenTrust Savings Bank Promissory Note, and Defendant has failed to rebut the Department's showing by producing any evidence that demonstrates the payment or discharge of the loans.   Accordingly, it is respectfully **RECOMMENDED** that the Department's Motion for Summary Judgment be **GRANTED.**

# CONCLUSION

It is respectfully **RECOMMENDED** that the Department's Motion for Summary Judgment be **GRANTED**.   The Department is **ORDERED** to file a Proposed Judgment within 7 days setting forth the up-to-date amounts owed for principal and interest.   To the extent the Department may seek to recover its costs, it must file a bill of costs[4].

---

[4] Costs are to be taxed by the Clerk upon presentation of a bill of costs and reviewed upon motion by any party.   Fed.R.Civ.P. 54(d)(1).

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 21, 2016.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy